UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID WILSON, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> STRAIGHT & NARROW : <br> DRUG PROGRAM, et al., : <br> : <br> Defendants. : <br> : | Civil Action No. 21-18720 (MCA) (MAH) <br><br><br> OPINION |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff pro se David Wilson's motion for substitute service. [D.E. 26]. The Court has considered Plaintiff's submissions and, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, has decided this motion without oral argument. For the reasons set forth below, the Court will deny the motion.

## II.   BACKGROUND

Plaintiff initiated this civil rights action by filing a Complaint against Defendants Straight and Narrow Drug Program ("Straight and Narrow"), Scott T. Milliken, David Thomas, and Ruth Jean-Marie in the Passaic County Superior Court on July 13, 2021. [D.E. 1, at ¶ 1]. Plaintiff thereafter mailed Defendants copies of the summons and pleadings. [*Id.* at ¶¶ 1-4; *see also* D.E.26]. Defendants Straight and Narrow and Milliken entered appearances and later removed this matter to the District of New Jersey. [*See* D.E. 1]. Defendants Thomas and Jean-Marie, on the other hand, did not respond to or acknowledge receipt of Plaintiff's mailings. [D.E. 26].

To date, Plaintiff has been unable to effectuate service of process on Thomas and Jean-Marie. [*See id.*]. Defendants Straight and Narrow and Milliken have also denied Plaintiff's requests to accept service on behalf of Thomas and Jean-Marie. [*See* D.E.s 16, 26].

1

Plaintiff filed the instant motion for substituted service on February 24, 2022. [D.E. 26] Plaintiff argues that he has delivered copies of the operative Complaint and summons to Thomas and Jean-Marie by first-class mail at their respective home addresses and former work address on multiple occasions, but has received no response. [*Id.* at p. 4]. Additionally, Plaintiff contends he has never received notice that those mailings were "undeliverable;" thus, Plaintiff believes Thomas and Jean-Marie are "ducking the summons" and will continue to do so absent the Court's intervention. [*Id.* at p. 7]. Plaintiff also argues that he is incarcerated and indigent and, even if given permission to, cannot afford to effectuate service by certified mail. [*Id.*]. Accordingly, Plaintiff seeks (1) an order instructing the U.S. District Court Clerk to serve Thomas and Jean-Marie; or, in the alternative, (2) an order instructing the U.S. District Court Clerk to serve Thomas and Jean-Marie by certified mail and regular mail. [*Id*. at pp. 7-8].

Defendants Straight and Narrow and Milliken have not opposed the motion.

### III. DISCUSSION

Federal Rule of Civil Procedure 4(e) states:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> (1) following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under New Jersey law, personal service is the primary and preferred method to serve an individual defendant located within the state. N.J. Ct. Rule 4:4-4(a). When personal service cannot be effectuated in accordance with New Jersey Court Rule 4:4-4(a), however, New Jersey law allows for substitute modes of service. *See* N.J. Ct. R. 4:4-4(b)(1). Alternative means of service include but are not limited to "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: . . . a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode." N.J. Ct. R. 4:4-4(b)(1)(C). A plaintiff seeking to effectuate service using these alternative means must first file an affidavit of diligent inquiry (1) satisfying New Jersey Court Rule 4:4-5(b) and (2) detailing the diligent efforts made to effectuate personal service. N.J. Ct. R. 4:4-4(b)(1).

Plaintiff fails to satisfy this initial burden because Plaintiff has admittedly never attempted to effectuate personal service on Thomas and Jean-Marie. To the contrary, Plaintiff's supporting certification states that he immediately resorted to first-class mailings to notify Defendants of this litigation, notwithstanding his "access to the Sherriff Dept [sic] for service of the complaint." [D.E. 26, at p. 3]. Moreover, Plaintiff continued to mail copies of the Complaint and summons to Thomas and Jean-Marie after failing to acquire a response. [*See id.* at pp. 3-4, 7]. Although Plaintiff reports that the mailings were not returned as undeliverable, the Court can have little confidence based on the current record that the mailings are actually reaching Thomas and Jean-Marie. The Court therefore denies the instant motion for substituted service without prejudice because Plaintiff has failed to file an affidavit satisfying New Jersey Court Rule 4:4-5(b) and

outlining any efforts to effectuate personal service. Plaintiff may renew his application after undertaking diligent efforts to effectuate service of process on Thomas and Jean-Marie.[1]

The Undersigned also denies the motion because it is not clear that the Court possesses the ability to grant the relief Plaintiff seeks. As already noted, New Jersey Court Rule 4:4-4(b)(1)(C) recognizes substituted service by simultaneous certified and ordinary mailings. The Rule does not state, however, that the Court may order the U.S. District Court Clerk to make those mailings and thereby effectuate service on Plaintiff's behalf, as Plaintiff asks. New Jersey Court Rule 4:4-1, which Plaintiff cites as the basis for his request, is also devoid of such language. New Jersey Court Rule 4:4-1 allows "[t]he plaintiff, plaintiff's attorney or the clerk of the court [to] issue the summons," but does not state that the clerk of court may *effectuate service* of said summons. Finally, Plaintiff has cited no statute, case law, or court rule that suggests his indigent status affects the above analysis. Accordingly, the Court rejects Plaintiff's arguments.

However, recognizing that Plaintiff is pro se and presently incarcerated, and attempting to expedite resolution of the service issue consistent with Federal Rule of Civil Procedure 1, the Court will allow Plaintiff the opportunity to complete and submit a request to the United States Marshal Service (USM-285 Form) to effectuate service on his behalf. The Court recognizes that Plaintiff previously attempted to proceed via the Passaic, Union, and Essex County Sherriff's Offices. [D.E. 27, at p. 5, ¶¶ 4-5]. In a further effort to ensure that the request does not "fall through the cracks," the Court directs Plaintiff, upon sending the submission to the Marshal Service, to also

---

[1] The Court notes that after Plaintiff filed the instant motion, Plaintiff moved for entry of default against Thomas and Jean-Marie. [*See* D.E. 27]. Plaintiff's certification in support of the motion for entry of default notes that Plaintiff "resent the complaint and summons for service to the Union and Essex Counties Sheriffs offices [sic] for service," but that he "ha[d] not heard back from them yet." [*Id.* at p. 5, ¶ 5]. Plaintiff must make all reasonable efforts to serve Defendants pursuant to Federal Rule of Civil Procedure 4 before this Court will allow substitute service.

submit a copy directly to the Undersigned. The Clerk of Court is directed to include four (4) copies of the USM-285 form in transmitting this Opinion and related Order to the parties.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for substituted service is **denied without prejudice**. Plaintiff may, however, complete and submit a request to the United States Marshal Service (USM-285 Form) to effectuate service on his behalf. In addition to transmitting his request to the Marshal Service, Plaintiff shall submit a copy of the completed request to the Undersigned. An appropriate Order accompanies this Opinion.

*/s Michael A. Hammer*  
Hon. Michael A. Hammer,  
United States Magistrate Judge

Dated: March 9, 2022